**Ramandip SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 02–74198.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Cindy S. Ferri-

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

er, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Ramandip Singh, a native and citizen of India, petitions for review from the Board of Immigration Appeals' ("BIA") order, summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and deny the petition.

Singh first contends that the IJ erred in finding him not credible. The IJ supported her conclusion with specific examples of material inconsistencies between Singh's testimony and his declaration and supporting documents filed in support of his asylum application. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). Accordingly, we conclude that the IJ's adverse credibility finding was supported by substantial evidence. *See id.*

It follows that Singh did not satisfy the more stringent standard for withholding of removal. *See Lata*, 204 F.3d at 1244.

Singh also contends that the BIA's streamlining decision does not comport with due process. This contention is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–51 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finally, we lack jurisdiction to address Singh's unexhausted contention that the IJ erred by not admitting several documents into evidence. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**